O'CONNOR BERMAN DOTTS & BANES
Second Floor, Nauru Building
1 Nauru Loop
Susupe, Saipan, CNMI
Mail: PO Box 50-1969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683

Attorneys for Plaintiff

FILED
Clerk
District Court

APR 17 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

QIAN XIAOLI, )   Civ. No. 07-0017
            )
    Plaintiff, )
            )
    vs.     )   MOTION FOR
            )   PRELIMINARY INJUNCTION
GRACE INTERNATIONAL, INC., )
            )
    Defendant. )
_____)

Plaintiff QIAN XIAOLI hereby moves the Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for entry of a preliminary injunction preventing Defendant Grace International, Inc., from removing assets from the Commonwealth of the Northern Mariana Islands, or otherwise dissipating assets to the point that less than $75,000 in assets remains in the CNMI for execution on a judgment in this action. In support of this motion, Plaintiff shows the Court the following:

1. Plaintiff, a garment factory worker, has filed a civil rights action against Defendant, her employer, for violation of the Americans With Disabilities Act, based upon its failure to renew her employment because of a physical disability, namely chronic back pain, and failure to make reasonable accommodation for her disability.

2. Plaintiff has learned that Defendant Grace has closed its factory on Saipan, and either has ceased, or is shortly about to cease, doing business in the CNMI. Plaintiff is therefore concerned that, by the time this matter is resolved, no assets of Defendant will remain in the CNMI upon which she can execute a judgment in her favor, in the event she should prevail.

3. A motion for a preliminary injunction is decided by means of a balancing test:

> The standard for a preliminary injunction balances the plaintiff's likelihood of success against the relative hardships to the parties. To receive a preliminary injunction, [the moving party is] required to show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor. These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to the moving party, the less probability of success must be shown.

Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999) (citations and internal quotation marks omitted). Conversely, "it has been held that a preliminary injunction may be granted even though the harm factor favors defendant if plaintiff demonstrates a substantial likelihood that he ultimately will prevail." Immigrant Assistance Project of Los Angeles County Federation of Labor (AFL-CIO) v. I.N.S., 306 F.3d 842, 873 (9th Cir. 2002) (quoting 11A Wright, Miller & Kane, Federal Practice and Procedure §§ 2948.3).

4. It is evident from her declaration submitted herewith that there is a substantial likelihood that Plaintiff will prevail on the merits, or at least that she raises serious questions going to the merits of the case. If Grace is able to remove all of its assets from the Commonwealth prior to a judgment, Plaintiff will have suffered an irreparable injury, in that she will be rendered unable to recover for the wrong done to her notwithstanding that she prevails. She will hold a mere empty judgment, but no actual remedy. This overbalances any inconvenience that might result to Grace as a result of a relatively small portion of its assets being detained in the CNMI pending the outcome of this action. Based on the balancing of the hardships, the preliminary injunction should issue.

Respectfully submitted this 16th day of April, 2007.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff

By: _____
    Joseph E. Horey