F. MATTHEW SMITH
LAW OFFICE OF F. MATTHEW SMITH, LLC
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950-1127
Telephone Nos.: (670) 234-7455 / 7427
Facsimile No.:   (670) 234-7256

Attorney for Defendant Grace International, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| QIAN XIAO LI, | Civil Action No. CV-07-0017 |
| Plaintiff, | |
| vs. | |
| GRACE INTERNATIONAL, INC., | **ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES** |
| Defendant. | |

### ANSWER

Defendant Grace International, Inc. (referred to herein as "Grace"), by and through its attorney, F. Matthew Smith, hereby answers the Complaint and Jury Demand (filed April 17, 2007) by Plaintiff Qian Xiao Li as follows:

1. Grace admit the allegations contained in paragraphs 1, 2, 8, and 17.

2. Grace denies the allegations contained in paragraphs 9, 12, 13, 14, 16, and 18.

3. With respect to the allegations contained in paragraph 3, Grace admits that it employed Plaintiff, and is an organized and existing CNMI Corporation, whose principal place of business is Saipan, and whose principal business is garment manufacturing; however, Grace denies that the Americans With Disabilities Act of 1990 specifically includes "employer" in its list of

definitions and denies all other allegations contained in paragraph 3.

4. With respect to paragraphs 10 and 11, Grace admits that it made reasonable accommodations for Plaintiff; but denies all other allegations contained therein.

5. With respect to paragraph 15, such a paragraph does not contain averments that require an answer; nevertheless, to the extent an answer is required, Grace denies the same.

## AFFIRMATIVE DEFENSES

As for affirmative defenses, Grace alleges as follows:

1. Due to misnumbering, the complaint does not contain paragraphs 4, 5, 6 & 7.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted.

3. At all times, Grace acted in good faith and with fair dealing.

4. Grace's actions were never reckless or with malice.

5. Plaintiff's complaint is barred by unclean hands and bad faith.

6. Plaintiff is estopped from claiming the she was not fully or properly paid. As is the case with accord and satisfaction, all of Plaintiff's claims for payment have been discharged and settled. Plaintiff has waived her claims and Grace has been released from any and all of them.

7. Plaintiff's claims are barred by applicable statutes of limitation including 4 CMC § 9246(a) (action must be commenced within six months after the cause of action accrued ).

Respectfully submitted this _____4-26-07_____.

F. MATTHEW SMITH
Attorney for Defendants