F. MATTHEW SMITH
LAW OFFICE OF F. MATTHEW SMITH, LLC
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950-1127
Telephone Nos.: (670) 234-7455 / 7427
Facsimile No.:    (670) 234-7256

Attorney for Defendant Grace International, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| QIAN XIAO LI, | Civil Action No. CV-07-0017 |
| Plaintiff, | |
| vs. | **OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |
| GRACE INTERNATIONAL, INC., | |
| Defendant. | |

Defendant Grace International, Inc. ("Grace") hereby opposes the Motion for Preliminary Injunction (filed April 17, 2007) by Plaintiff Qian Xiao Li ("Ms. Qian") as follows:

**Injunction Standard**

1.    In order for a party to obtain a preliminary injunction, "the moving party must show either (1) a likelihood of success on the merits **and** the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the moving party's favor." *See Community. House, Inc. v. City of Boise*, 468 F.3d 1118, 1123 (9th Cir. 2006) citing *Warsoldier v. Woodford*, 418 F.3d 989, 993-94 (9th Cir. 2005) (emphasis added). "These two alternatives represent extremes of a single continuum, rather than two separate tests." *Id.*

**No Irreparable Injury**

2.    "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate compensation.'" *Tom Doherty*

*Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 37 (2d. Cir. 1995), quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2nd Cir. 1979) (per curium).

     3.     With her complaint, Ms. Qian has asked this Court for a monetary judgment. *See* Complaint and Demand for Jury Trial, at 3-4 (filed April 17, 2007). Due to the fact that Grace is no longer operating as a factory on Saipan, the other portion of her prayer that asks that Grace be barred from engaging in unlawful employment practices is moot. *See* Declaration of Kam Wing Tam, at ¶2 (dated May 4, 2007), attached hereto as **Exhibit A**. Accordingly, and because a monetary award is sought and is adequate compensation in this matter, there exists no irreparable harm. A preliminary injunction is not appropriate.

**And No Likelihood of Success**

     4.     Even if the Court were to find the possibility of irreparable harm, that is not enough – as the standard requires more. *See Community. House, Inc.,* at 1123. Ms. Qian must also show she is likely to succeed on the merits. *Id.* ("a likelihood of success on the merits **and** the possibility of irreparable injury") (emphasis added). In this case, she has not and cannot show any likelihood of success.

No Property Right

     5.     First, Ms. Qian worked for Grace for three years, from September 2002 to September 2005. *See* **Exhibit A,** at ¶3. Ms. Qian worked for Grace during three one-year contract periods. *Id.* She was not terminated in the middle of a contract nor does Ms. Qian claim any breach or violation of her contract during her three one-year terms. *Id.*; *and see* Complaint. Instead, she complains that she was not renewed for a fourth year. But there is no right to a renewal in her contract, and no property right was denied. *See Seitz v. Clark*, 524 F.2d 876 (9th Cir. 1975) (Court found that contract terms controlled and gave no property right or claim of entitlement to re-employment).

Resignation Followed by Doctors Slips

6.    Second, Ms. Qian's complaint and injunction motion are based on medical records dated: September 17, 2005; September 28, 2007; and September 30, 2007. *See* Declaration of Qian Xiao Li, at ¶3 (filed April 17, 2007). But these medical records (except for one) were all obtained and presented to Grace after it informed Ms. Qian, on September 19, 2007, that her contract would not be renewed. Id. at ¶6 (Exhibit D); *and see* **Exhibit A**, at ¶4.  As shown by the medical records presented, the illness and disability were not a factor in her non-renewal.

No Violation Found by EEOC

7.    Finally, this matter has been thoroughly investigated by the EEOC and no violation was found. *See* Complaint, at ¶ 17(Exhibit). After Ms. Qian filed her discriminatory charge against Grace, the EEOC made five (5) separate requests for documents and information and then came to Saipan to interview at least three witnesses. *See* **Exhibit A**, at ¶5.  In the end, the EEOC terminated its processing of Ms. Qian's charge. *See* Complaint, at ¶17 (Exhibit). No violation was found. *Id.* Accordingly, the likelihood of success is limited and insufficient for the granting of a preliminary injunction.

8.    For similar reasons, there is no existence of serious questions going to the merits and none have been raised by Ms. Qian. As for the balance of hardships, they tip in favor of Grace who is trying to wrap up its business affairs and finds itself unable to use $75,000.00 of its resources to satisfy its obligations and settle its affairs. *See* **Exhibit A**, at ¶6.

9.    A legitimate business should not be unfairly held hostage by a meritless claim that was filed to take advantage of Grace during a vulnerable time.  This is why there is a standard for granting injunction orders, and why it must be followed in this instance.

**$75,000.00 Is Excessive**

10.     During the three (3) years that Ms. Qian worked for Grace her average annual pay was $10,683.27. *Id.* at ¶7. In those three years, she earned a total of $32,049.80. *Id.* Even if Ms. Qian was entitled to a one-year contract renewal, her damages would be in the neighborhood of $10,000.00 - not $75,000.00. Even doubled or with attorney fees, a reasonable estimate is far below $75,000.00. Such an excessive injunction order is unfair and especially hard on Grace as it tries to close it business and tie up its affairs.

11.     Furthermore, even these lesser damages are mitigated by Ms. Qian's subsequent employment with Sam Kwang Saipan, Corp., and possibly with other employers as well. *Id.* at ¶8. For this reason, at the very least and in the alternative to a denial of the injunction, the amount of preliminary injunction must be reduced to, at a maximum, $25,000.00, a more realistic figure.

**Conclusion**

12.     Ms. Qian clearly fails to meet the standard set by the courts and is not entitled to the continuation of this Court's injunction order. Under the law and under these circumstances, Grace should not be unfairly burdened as it tries to defend itself from these meritless claims.

Respectfully submitted this _____ day of May, 2007.

F. MATTHEW SMITH
Attorney for Defendant Grace Int'l., Inc.

F. MATTHEW SMITH
LAW OFFICE OF F. MATTHEW SMITH, LLC
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950-1127
Telephone Nos.: (670) 234-7455 / 7427
Facsimile No.:    (670) 234-7256

Attorney for Defendant Grace International, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| QIAN XIAO LI, | ] | Civil Action No. CV-07-0017 |
| | ] | |
| Plaintiff, | ] | |
| vs. | ] | |
| | ] | **DECLARATION OF** |
| GRACE INTERNATIONAL, INC., | ] | **KAM WING TAM** |
| | ] | |
| Defendant. | ] | |
| | ] | |

Pursuant to 28 U.S.C. §1746, I, Kam Wing Tam, declare as follows:

1.      I am a manager of Grace International, Inc. ("Grace"), the Defendant in the above-captioned matter;  and have personal knowledge regarding the employment of Ms. Qian Xiao Li ("Ms. Qian") with Grace and the matters testified to herein.

2.      Grace recently closed its factory on Saipan.  All remaining employee contracts were terminated, with the approval of the CNMI Department of Labor, effective April 25, 2006.

3.      Ms. Qian worked for Grace for three (3) years from September of 2002 to September of 2005.  She was hired under a one-year contract, which contract was twice renewed for an additional one-year term.  She was not terminated, but resigned after she was informed that her contract would not be renewed when it ended by its own terms on October 15, 2005.  A true and

*Declaration of Kam Wing Tam -- Page 1 of 3*

EXHIBIT

*A*

tabbies

accurate copy of her contract and renewals are attached hereto as <u>Attachment 1</u>.

4.      The medical reports submitted by Ms. Qian with her motion for an injunction were not received by Grace (except for the first one that only noted "lower back pain") until after it had notified Ms. Qian of her non-renewal. Although Ms. Qian had complained of lower back pain in the final couple of months of her contract, Grace was not informed of Ms. Qian's diagnosed condition of lumbar spine dysfunction or of her need to avoid lifting more than 10 lbs. until after she resigned. Grace did make the reasonable accommodations requested by Ms. Qian when she informed Grace that she was suffering from lower back pain.

5.      After Ms. Qian resigned she filed a discrimination charge with the EEOC. In response, the EEOC made five (5) extensive document and information requests of Grace during an investigation that lasted more than one year. Grace responded to each request, as well as produced the three employees requested by the EEOC for personal interviews by the EEOC during the course of their investigation. In the end, the EEOC sent Grace a notice that it was terminating its investigation and the processing of Ms. Qian's charge.

6.      The current $75,000 TRO creates a hardship for Grace as it needs its assets and resources to satisfy its obligations and settle its affairs. This is a vulnerable time for Grace as its works to tie up its loose ends and settle its affairs. Meritless claims such as Ms. Qian's present a real hardship. That hardship is enlarged further by the burden of having its assets frozen.

7.      Ms. Qian earned a total of $32,049.80 during the three years she worked for Grace. As reflected on her W-2CM Statements, Ms. Qian earned $726.90 in 2002, $11,440.40 in 2003, $11,887.00 in 2004, and $7,995.50 in 2005. Accordingly, her average annual pay was $10,683.27.

8.      I recently discovered that Ms. Qian was employed by Sam Kwang Saipan Corp. after

she resigned from Grace. A copy of an Administrative Order that arose as a result of that employment is attached hereto as Attachment 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 4, 2007.

_____
Kam Wing Tam

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF LABOR, IMMIGRATION AND EMPLOYMENT SERVICES
DIVISION OF LABOR
_____SAIPAN_____, NORTHERN MARIANA ISLANDS

APPLICATION FOR GARMENT RENEWAL OF
LABOR IDENTIFICATION CERTIFICATE NO. _____

BOND NO. 22938

BOND CO. PREMIER INSURANCE CO. INC.                                D.O.F. No. _____

FOR OFFICIAL USE ONLY

201225
Permit Number

2|0|05                    10|15|05
Issued Date              Expiration Date

ERICA C. TERLAJE
DIRECTOR'S DESIGNEE
Chief of Labor

☑ Approved        ☐ Disapproved        Date Entered: ___/___/___  By: _____

Employer: GRACE INTERNATIONAL INC. _____ dba _____

Mailing Address: PMB 888 BOX 10001 SAIPAN MP 96950 ____ Business License No. 882-0002-1

Telephone No.: 234-9682 _____ hereby makes application to renew Nonresident Worker's

Certificate and Entry Permit for employment for an additional term (not more than one year) of 12 months,

commencing on 10/16/04 ____ and ending on 10/15/05

☒ under the same terms and conditions of employment as those contained in the Employment Contract and Employer's Agreement

for the aforesaid nonresident worker's certificate ☐ under terms and conditions of employment as amended (attach amended

employment contract and Employer's Agreement).

Date 09/29/04

RAMON P. CRISOSTIMO
Signature

RESIDENT MANAGER
Title

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, Ramon P. Crisostimo this 29th day

of September ,20 04

CHELITA B. ROMERO
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires 02 MAY 2005

The employee named below declares under penalty of perjury that

• He/She arrived in the Commonwealth on 11/13/02

• He/She had been examined by a physician on 09/11/04 ____ pursuant to 3 CMC 4438 and that he/

she ☒ does not have ☐ does have an infectious or communicable disease.

• He/She ☒ has never ☐ has been convicted of a felony or other crimes involving moral turpitude.

• He/She concurs with the application to renew his/her nonresident worker's certificate ☒ under the same terms and

conditions as provided in the initial application ☐ under terms and conditions of employment as amended.

• His/Her Passport No. G03619584 ____ issued by CHINA ____ expires on 09/01/07

Date 09/29/04                                    QIAN, XIAOLI

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by Qian, Xic          **ATTACHMENT 1**

29th day of September ,20

CHE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF LABOR, IMMIGRATION AND EMPLOYMENT SERVICES
DIVISION OF LABOR
_____, NORTHERN MARIANA ISLANDS

PHOTOGRAPH OF APPLICANT

APPLICATION FOR GARMENT RENEWAL OF
LABOR IDENTIFICATION CERTIFICATE NO. _____

BOND NO. __16686__

BOND CO. __PREMIER INSURANCE__                     D.O.F. No. _____

FOR OFFICIAL USE ONLY

201225

Permit Number

1/24/04        10/15/04
Issued Date        Expiration Date

fr Eyeebaye
Chief of Labor

CNMI OF... ... ...
Division of Immigration
ENTRY PERMIT

XIAOLI QIAN
Citizenship  Grnkgcs  Birthdate  Island
CHN        F        03/20/1978   SAIPAN
Emplyr.  GRACE INT'L INC...
Occ:        SEWER
Class:      706K        RENEWAL
Issue Date 01/24/2004   Exp. Date 10/15/2004

201225

☑ Approved        ☐ Disapproved        Date Entered: ___/___/___  By: _____

Employer: ____GRACE INTERNATIONAL INC.____ dba _____

Mailing Address: __PMB 888 BOX 10001_____ Business License No. __882-0001-1__

.lephone No.: __234-9682/85_____ hereby makes application to renew Nonresident Worker's

Certificate and Entry Permit for employment for an additional term (not more than one year) of ___12___ months,

commencing on __10/16/03_____ and ending on _____10/15/04_____

☒ under the same terms and conditions of employment as those contained in the Employment Contract and Employer's Agreement

for the aforesaid nonresident worker's certificate ☐ under terms and conditions of employment as amended (attach amended

employment contract and Employer's Agreement).

Date: __09/29/03_____

____RAMON P. CRISOSTIMO____
Signature

RESIDENT MANAGER
Title

JBSCRIBED AND SWORN to before me, a NOTARY ... Crirostino ... this 29th day

.. September___, 20 03.

CHELITA B. ROMERO
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires 0 2 MAY 2005

The employee named below declares under penalty of perjury that:

• He/She arrived in the Commonwealth on ____11/14/02____

• He/She had been examined by a physician on ____11/14/02_____ pursuant to 3 CMC 4438 and that he/

she ☒ does not have  ☐ does have an infectious or communicable disease.

• He/She ☒ has never  ☐ has been convicted of a felony or other crimes involving moral turpitude.

• He/She concurs with the application to renew his/her nonresident worker's certificate ☐ under the same terms and

conditions as provided in the initial application ☐ under terms and conditions of employment as amended.

• His/Her Passport No. __G03619584__ issued by __CHINA__ expires on __09/01/07__.

Date: __9/29/03____

QIAN, XIAOLI
Signature

SUBSCRIBED AND SWORN to before me, a NOT...   ...li Qian        000017 his

.29th day of ___September___

CHELITA B. ROMERO

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between ___GRACE INTERNATIONAL INC.___ _____ of ___SAIPAN___, _____, hereinafter referred to as the Employer, and ___XIAOLI QIAN___ of ___CHINA___, hereinafter referred to as the Employee.

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

A.  **DUTIES AND RESPONSIBILITIES:** The parties hereto agree that the Employee shall be employed only in the job category of ___SEWING MACHINE OPERATOR___ and shall perform the following duties and responsibilities including training of resident workers: TENDS ONE OR MORE SEMI-ATUOMATIC SEWING MACHINES THAT ATTACH OR JOIN REINFORCE OR DECORATE GARMENT PARTS OR PERFORM OTHER CYCLE OPERATION SUCH AS BUTTON HOLE MAKING AND OTHER RELATED DUTIES.

B.  **TERM:** The term of this Contract shall be for a period of ___ONE(1)YEAR___ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on ___UPON EXPIRATION OF WORK PERMIT___

C.  **WORK DAYS AND HOURS:** The Employee's work days and hours shall be ___MONDAY___ to ___SATURDAY___, from ___08:30-12:00___ to ___13:30-17:00___, for a total of ___40NLT___ hours per week.

D.  **COMPENSATION:** In consideration of the services to be performed by the employee, the Employer agrees to pay the Employee compensation in the amount of:

1.  $ ___3.05___ per ___HOUR___ and
2.  $ ___X1.5___ per ___HOUR___ for overtime compensation payable by check in bi-weekly intervals.
3.  Other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

E.  **DEDUCTIONS:** CNMI taxes and Social Security, if applicable, shall be withheld from the employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Chief of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

N/A

F.  **PRINCIPAL PLACE OF WORK:** The Employee's principal place of employment shall be on ___SAIPAN___, CNMI. However, the employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

G.  **TRANSPORTATION:** The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

H.  **INSURANCE/MEDICAL EXPENSES:** The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside of the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his point of origin.

I.  **NOTIFICATION OF NEXT-OF-KIN:** In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:

钱以太郎
中国 四川省 邻水县 长坝乡4组
石寨村 四组

000027

Form: L921014.1

Page 1 of 3

J      **LODGING AND OTHERS:**

¶      ·loyer shall ensure that the following facilities are provided:

1.     /XXX/ Employer-provided housing at a charge of $__100.00__ per month.

       /___/ Employer-provided housing free of charge.

       /___/ Employee self-arranged housing.
             (Attach statement or rental agreement.)

2.     /XXX/ __3__ (number) meals per day at a charge of $__100.00__ per month.

3.     /___/ Employee to provide own food.

4.     /XXX/ Free transportation to and from job site at employer designated
             pick-up points.

5.     /___/ Employee to provide transportation to and from job site.

6.     /___/ Allowance:

7.     /___/ Others:


K.    **OTHER PROVISIONS:** The following additional provisions apply to this Contract:
      (Set forth or attach any work rules, living accommodation rules and standards for
      Employee conduct. Every page of every attachment must be signed by Employee and
      Employer.)

               N/A


L.    **TERMINATION:** This Contract may only be terminated for cause by either party by
      giving the other party __15__ days advance written notice and only after an
      unsuccessful good faith attempt to settle any dispute has been made with the
      Chief of Labor or his designee.

      1.    In the event of termination for cause, the Employer shall pay the
            Employee's wages or salary for work or services performed or for work not
            performed when an employer refuses to allow the employee to continue
            working through the effective date of the termination and shall purchase
            a one-way ticket for the return of the Employee to his/her point of hire.

      2.    Termination for cause may include any of the following:

            a.    __3__ unauthorized absences and/or __3__ unauthorized tardiness to
                  work by the Employee;

            b.    Neglect, careless performance, non-performance or non-completion of
                  assigned work by the Employee;

            c.    Conviction in the CNMI of any felony or two or more misdemeanors;

            d.    Abandoning of job or assigned duty by the employee;

            e.    Incompetence or misrepresentation of the qualifications, skills,
                  physical or mental fitness to satisfactorily perform the duties for
                  which the Employee was hired;

            f.    Extreme cruelty or abuse, physical or otherwise;

            g.    Unreasonable delays in the payment of the employee's wages or
                  salary;

            h.    A breach of any provision of this Contract and not corrected within
                  ten (10) days;

            i.    Cessation of business activities or bankruptcy;

            j.    Others (specify):


M.    **SETTLEMENT OF DISPUTE:**

      **Grievance and Good Faith Settlement**

      All grievances or disputes under this employment contract shall be subject to the
      following grievance procedure:

      1.    The employee shall communicate to his/her supervisor, or if there is no
            supervisor, then directly to the employer, any and all grievances or
            disputes he/she may have regarding his/her employment;

THE

if the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated.  Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violation.

3.     If the grievance or disputes is not resolved in step 1 or 2 above, the employee may file a complaint with the Chief of Labor or his designee.

The employee and employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Chief of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N.    **REMITTANCE/OTHER OBLIGATIONS:**  The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O.    **ENTIRE AGREEMENT:**  The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

        **IN WITNESS WHEREOF**, the parties hereto affix their names on the date and space so specified.

DATE: _09/24/02_                          _____
                                          (RAMON P. CRISOSTIMO (RESIDENT MANAGER)
                                                      **EMPLOYER**
                                                   (Print Name, Title and Sign)

DATE: _2002.7.29_                          _____
                                                      **EMPLOYEE**
                                                   (Print Name and Sign)

___SAIPAN___, COMMONWEALTH        )
                                 )  ss:  **ACKNOWLEDGEMENT**
OF THE NORTHERN MARIANA ISLANDS  )
                                 )

    On this _24TH_ day of ___SEPT.___, _15 0Y_, personally appeared before me _Ramon  CRISOSTIMO_ and _n/a_, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

    **IN WITNESS WHEREOF**, I have hereunto set my hand and official seal on the day and year first written above.

                                          NOTARY PUBLIC ISLANDS

                                          [7TH]           MAY, 19 03

_____           )
                                 )  ss:  **ACKNOWLEDGEMENT**
_____           )
                                 )

    On this _____ day of _____, 19___, personally appeared before me _____ and _____, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

    **IN WITNESS WHEREOF**, I have hereunto set my hand and official seal on the day and year first written above.

                                          _____
                                                   NOTARY PUBLIC

_____

DATE: _10/15/02_          APPROVED BY: _____
                                              CHIEF OF LABOR

                                                      000029

Form: L921014.1

DEPARTMENT OF LABOR
DIVISION OF ADMINISTRATIVE HEARING OFFICE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

In the Matter of                      )
Qian, Xiaoli,                         )
                                      )       L.C. No.  06-272
         Complainant,                 )
                                      )
         vs.                          )       ADMINISTRATIVE ORDER
                                      )
Sam Kwang Saipan Corp.,               )
                                      )
         Respondent                   )
_____)

Complainant, with attorney Joseph Horey and Respondent, by Resident
Manager Lucy Cabrera, appeared at the scheduled hearing in the above
referenced case on February 20, 2007.

FINDINGS AND CONCLUSIONS:

Complainant was hired by Respondent as a temporary worker on March 28,
2006 under a three month TWA contract.  The contract was renewed for a
second three month term on June 28, 2006.  A few weeks into the first
contract, Complainant was warned about low productivity.  A week later she
was warned about an absence. (The contract allows five absences.)

On July 24, 2006 (after renewal) Complainant was approached by her
supervisor, Ms. Wu, and told that she was not performing as well as some of
the other workers.  Complainant tried to explain that she had a pre-existing
back problem that slowed her down a little.  Ms. Wu told Complainant that
her back problem was not the company's problem and that Complainant's
services were no longer needed.

Complainant testified that she was told that she could only get her file
records back if she submitted her resignation.  She prepared a handwritten
resignation and then went to the personnel office.  At Personnel
Complainant spoke with Mei, Li.  Ms. Mei testified that Complainant did
come to the office on July 24.  According to Ms. Mei, Complainant said that

**ATTACHMENT 2**

she was told by Ms. Wu that she was no longer needed.  Ms. Mei asked Complainant if she wanted to resign and Complainant said yes.  Ms. Mei asked Complainant to sign a company approved form of resignation.  Complainant testified that she was again told that she could only have her file if she submitted the resignation.

The Hearing Officer accepts Complainant's version of the events.  In addition, the Hearing Officer finds that even if the facts were as offered by Respondent, the Personnel officer had a duty to investigate further upon learning that the supervisor had told the worker that her services were no longer necessary.  In addition, it is a coercive tactic to advise workers that their documents will not be returned unless they submit a resignation.

Complainant testified that she wanted to continue working.  Resignation was not her choice.  She was led to believe that she would not be able to seek another TWA employer unless she submitted a resignation.  Complainant also offered testimony from witnesses to whom she made statements, close in time to the event, indicating that her separation from work was not voluntary.  Complainant also offered a statement from another worker who overheard the supervisor tell Complainant not to come to work.

Complainant was renewed less than a month before the July 24 incident.  Complainant performed regular overtime work throughout the entire term of her employment.  The sudden cessation of employment in the middle of the work day supports Complainant's position.  The Hearing Officer finds that there was an improper termination of the contract.  There were nine weeks remaining on the contract.  Complainant is entitled to damages for the wrongful termination.

The question arises as to whether Respondent must also pay liquidated damages pursuant to 3 CMC § 4447(d). The statute addresses imposition of liquidated damages when a worker recovers unpaid wages and overtime.  Wages are commonly understood to mean payment for labor or services. In the "usual" case, a worker makes a claim for unpaid wages for work performed. The Hearing Officer finds that imposition of liquidated damages under these circumstances is not required under the statute.

2

[L.C. No. 06-272]

IT IS HEREBY ORDERED:

Within 21 days Respondent will pay Complainant contract damages in the amount of $1,098.00. Payment shall be made to the Labor Collections Unit of the Administrative Hearing Office. Payments shall be in the form of certified check from a licensed bank or postal money order, made payable to "Director of Labor" and "Qian, Xiaoli." Failure to pay within the time allowed will result in the matter being referred for collection and may also result in additional sanctions including a bar on hiring nonresident workers.

Complainant is entitled to reasonable attorney fees in an amount to be determined. On or before March 13, 2007 Complainant's attorney shall submit a detailed statement of time expended in this matter. The statement shall be in the form of a declaration under penalty of perjury. Failure to submit the statement shall be deemed a waiver of fees.

Within fifteen days of issuance, any person or party affected by this decision may appeal to the Secretary of Labor by written notice filed with the Administrative Hearing Office. If no appeal is filed within this time the Order shall be unreviewable administratively or judicially. In the notice of appeal a party may make an application for a stay or for an injunction maintaining the status quo of the parties pending appeal.

Unless an appeal is filed and a stay requested, if any party fails to pay the monetary award(s) as directed by this Order, all applications pending with the Department of Labor Processing, relating to said party, shall be placed on hold five (5) days after the party defaults and shall remain on hold for a period of ten (10) days. If the fines and other payments are not paid in full by the tenth (10th) day, all pending applications will be denied.

DATED this 20th day of February 2007

Barry Hirshbein
Hearing Officer

3