F I L E D
Clerk
District Court

MAY 17 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| QIANG XIAOLI, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> GRACE INTERNATIONAL, INC., ) <br> ) <br> Defendant ) <br> ) | Civil Action No. 07-0017 <br><br><br> ORDER GRANTING <br> MOTION FOR PRELIMINARY <br> INJUNCTION |

THIS MATTER came before the court on May 7, 2007, for hearing of plaintiff's motion for a preliminary injunction. Plaintiff appeared personally and by and through her attorney, Joseph E. Horey. Attorney F. Matthew Smith and an officer of the corporation appeared on behalf of defendant.

THE COURT, having considered the written and oral arguments of counsel, hereby grants the motion for preliminary injunction, for the following reasons.

AO 72
(Rev. 08/82)

In considering whether or not to grant a preliminary injunction, the court is to balance the competing interests of the parties and consider the effect on each should the injunction be granted or denied. Generally, the plaintiff must show a likelihood of success on the merits and a substantial threat that she will suffer irreparable injury if the injunction is denied. The threatened injury must outweigh any damage the injunction might cause to defendant; *i.e.* the balance of hardships favors the plaintiff. *See e.g.* Amoco Production Co. v. Village of Gambell, Alaska, 480 U.S. 531, 542, 107 S.Ct. 1396, 1402 (1987); Owner-Operator Independent Drivers Ass'n., Inc., 367 F.3d 1108, 1111 (9th Cir. 2004). A variation of this test provides that plaintiff may meet her burden by showing either a combination of probable success on the merits and the possibility of irreparable injury or that there are serious questions as to these matters and the balance of hardships tips sharply in plaintiff's favor. *See e.g.* Dept. of Parks and Rec. for State of California v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1123 (9th Cir. 2006). Here, the court grants the preliminary injunction under either test. In considering the factors set out above, the court concludes that the possibility of irreparable harm to plaintiff tips the scales sharply in her favor.

The facts before the court at this juncture show that plaintiff is a citizen of the Peoples' Republic of China, who originally came to the Commonwealth to work in a garment factory. She alleges that she is owed back wages, as well as other damages. Defendant is a corporation which has acknowledged that it is closing its garment

operations in the Commonwealth. Despite defendant's claims that it has sufficient assets to satisfy any judgment which might ultimately be rendered against it, no specific assets or their value were ever identified to the court. If defendant does not in fact have the unencumbered assets to pay any judgment which might be levied against it, the harm to plaintiff is overwhelming: she will have a judgment and no way to collect it against a foreign-owned corporation which may no longer have any assets within the court's reach.

Given that the harm to defendant is the possibility that some of its assets may be encumbered and thus make them more difficult to dispose of, combined with the fact that defendant had the opportunity to provide the court with specific information about its status and alleged assets and failed to do so, the court concludes that the possibility of irreparable harm to plaintiff is so great that the relative inconvenience to defendant by entry of this preliminary injunction is outweighed.

Accordingly, and pursuant to Fed.R.Civ.P. 65(d),

IT IS ORDERED THAT defendant, its officers, directors, shareholders, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are enjoined until further order of this court from removing assets from the Commonwealth of the Northern Mariana Islands, or otherwise dissipating

assets to the point that less than $75,000.00 in assets remain in the Commonwealth for execution on any judgment which might be rendered in this action.

DATED this 17th day of May, 2007.

                                              _____
                                              ALEX R. MUNSON
                                              Judge