F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorney for Defendant.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| QIAN XIAO LI, | Civil Action No. CV-07-0017 |
| Plaintiff, | **MOTION FOR ORDER PERMITTING WITHDRAWAL FROM REPRESENTATION UNDER LR 83.5.g.4** |
| vs. | |
| GRACE INTERNATIONAL, INC., | |
| Defendant. | Date: September 13, 2007<br>Time: 10:00 a.m.<br>Judge: Honorable Alex R. Munson |

F. Matthew Smith ("Smith"), attorney of record for Defendant Grace International, Inc. ("Grace") in the above cause of action, hereby files this motion for leave of court to withdraw as attorney of record for Grace pursuant to LR 1.5 and LR 83.5.g.4. In support of this motion, Movant Smith shows the court the following:

I.

Movant Smith is an attorney licensed to and actively engaged in the practice of law in the Commonwealth of the Northern Mariana Islands. Movant maintains an office for the practice of law at the UIU Building, 2nd Floor, Chalan Monsignor Guerrero, San Jose Village, Saipan.

II.

On April 20, 2007, Smith entered into an agreement with Grace, in which Smith agreed to represent Grace as counsel in the above cause of action.

III.

On or about late July, 2007, Movant Smith became aware of facts that require that he withdraw from representation of Grace. Specifically, Smith cites the following as grounds for withdrawal:

A. <u>Representation Has Been Rendered Unreasonably Difficult by the Client: Permissive Withdrawal</u>

MRPC R.1.16(b)(6) permits withdrawal if "[the representation] has been rendered unreasonably difficult by the client." MRPC R. 1.16(b)(6) (2002); *see also Ferruzzo*, 163 Cal. Rptr. at 574; *Hammond*, 809 F. Supp. at 162-163; *Fisher v. Biman Bangladesh Airlines et al.*, 1997 U.S. Dist. LEXIS 10405 (S.D.N.Y. July 18, 1997); *Kolacek v. Gemexco Trading Inc.*, 1992 U.S. Dist. LEXIS 571, *1 (S.D.N.Y., Jan. 23, 1992). Smith's representation has been rendered extremely difficult due to the lack of direction and unavailability of the owners and managers of Grace to discuss matters necessary and vital to its defense and Smith's representation. *See ¶ 6 of Affidavit*. Although Smith has occasionally been able to reach a manager of Grace by email, the delay in contact and the amount of contact is insufficient for proper representation. *See ¶ 5 of Affidavit*.

Smith argues that granting this withdrawal would not interfere with the efficient and proper functioning of this Court. The matter is relatively new and, except for discovery that was filed August 1, 2007, no motions or matters requiring immediate attention are pending. *See ¶ 7 of Affidavit*. Smith has contacted Grace regarding this matter and has been informed that they no longer wish use Smith's services, preferring instead to handle the matter themselves. *See ¶ 8 of Affidavit*. Grace is asking that all correspondence and pleadings be sent to its mail box: PMB 888 Box 10001. *See ¶ 8 of Affidavit*.

B. <u>Failure of Grace to Pay Attorney's Fees and Costs of Litigation: Permissive Withdrawal</u>

Grace is unable to pay Smith's fees and costs according to the representation agreement. As of July 31, 2007, Grace owes an outstanding amount of $2,546.41 in fees and costs to Smith. *See ¶ 4 of Affidavit*. Grace is promising to pay past due amounts but has not done so to date. MRPC

Rule 1.16(b)(5) allows permissive withdrawal from representation, "[if] the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given *reasonable* warning that the lawyer will withdraw unless the obligation is fulfilled." MRPC Rule 1.16(b)(5) (2002) (emphasis added); *see also* MRPC Rule 1.16 cmt. [8] (2002); *Ferruzzo v. The Superior Court of Orange County*, 163 Cal. Rptr. 573 (Cal. Ct. App. 1980)(withdrawal granted from corporate and individual representation for nonpayment of attorneys fees and noncooperation); *and see Silva v. Perkins Machine Co.*, 622 A.2d 443 (R.I. 1993) (abuse of discretion to deny counsel's motion to withdraw upon learning that client insolvent and could not pay for legal services).

C. <u>Continued Representation will Result in an Unreasonable Financial Burden on Smith: Permissive Withdrawal</u>

Under MRPC R.1.16(b)(6), permissive withdrawal may be granted if "the representation will result in an unreasonable financial burden on the lawyer . . .". MRPC R. 1.16(b)(6) (2002); *see, e.g. In re Withdrawal of Attorney*, 594 N.W.2d 514 (Mich. Ct. App. 1999) (withdrawal permitted when little or no likelihood of recovering attorney's fees, more than 1,000 hours still required in addition to more than 4,000 already expended, and other more experienced counsel available); *and see Silva*, 622 A.2d at 444 (finding that lower court abused its discretion when it denied counsel's withdrawal motion when brought at a noncritical stage of proceedings and where continued representation would impose an undue financial burden on attorney because client was insolvent).

Smith has incurred and will continue to suffer financial hardship if the instant request for withdrawal is denied. This case is relatively recently filed; however, discovery, motions and a trial have been scheduled. The represetantion and time required of Smith, in light of the likelihood of limited, if any, payments poses a serious financial hardship on Smith and his law practice. Grace's outstanding balance, coupled with the probability of future nonpayment, in addition to failures to communicate and participate in critical case decisions, argue that good and ample cause exists warranting withdrawal from representation.

IV.

Movant Smith therefore desires to withdraw as counsel for Grace immediately. The plaintiff will not be unduly prejudiced if Smith is granted leave to withdraw from representation in this matter. No critical deadlines face Grace, aside from the currently filed Notice of Taking Deposition Pursuant To Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Plaintiff's First Set of Interrogatories and Requests For Production of Documents To Defendant served to our office on August 1, 2007, and forwarded by email to Grace immediately thereafter.

V.

Reasonable notice of Smith's intention to seek leave to withdraw as counsel to Grace has been given to Grace by electronic mails. Furthermore, copies of this motion have also been furnished to opposing parties of record.

Wherefore, Smith, the attorney of record for Grace in this cause, respectfully requests that this court issue an order mandating or permitting withdrawal from further representation of Grace effective forthwith.

Dated this 13 day of August, 2007.

F. MATTHEW SMITH, Esq.