FILE NO. 86-0441

86 MAR 11 A 9: 51

BOOK _____ PAGE 161
COMMONWEALTH RECORDER

## GROUND LEASE

THIS GROUND LEASE is made and executed on this _10th_ day of ___MARCH___, 1986, by and between BASILISA B. VILLANUEVA, of Saipan, Northern Mariana Islands, hereinafter referred to as Lessor, and GRACE INTERNATIONAL, INC., a Northern Mariana Islands corporation, hereinafter referred to as Lessee.

### WITNESSETH:

1.    Demise and term.  For and in consideration of the rental payment of ONE HUNDRED ELEVEN THOUSAND SIX HUNDRED SEVENTY THREE DOLLARS ($111,673.00) for the entire term hereof, as provided in Paragraph 18, herein, and in consideration of the mutual covenants herein contained, Lessor grants and leases to Lessee, and Lessee hires from Lessor, the following premises situated on the Island of Saipan, Village or District of Susupe, Northern Mariana Islands, to wit:

> All of E.A. No. 121 "E, containing
> 929 square meters, and E.A. No.
> 121 "D", containing 5640 square
> meters, more or less, as more

Page 1 of 14

WHITE, NOVO-GRADAC AND THOMPSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

particularly described on
Drawing/Cadastral Plat No.
102/78, the original of which
was registered with the Land
Registry as Document No. 7464
on the 23rd of June, 1978.

To have and to hold the same, together with all and singular

the tenements, hereditaments and appurtenances thereunto

belonging or in any wise appertaining, for a term of fifty-five

years, commencing on the first day of March, 1986, and

ending on the last day of February, 2041.

2.    Warranty of title and quiet enjoyment.

Lessor warrants and covenants that Lessor is seized of the

demised premises in fee simple, that the same are free,

clear, discharged and unencumbered of and from all former

and other grants, titles, and encumbrances of whatsoever

kind or nature, excepting only those shown on the Certificate

of Title, Document No. 16974, that Lessor has full right and

authority to enter into this Ground Lease, and that Lessor

shall, upon the commencement date of the term of this Lease

as hereinafter set forth, place Lessee in quiet possession

of the demised premises and that Lessee shall lawfully and

quietly hold, occupy and enjoy the demised premises during

the term of this Ground Lease without hindrance or molesta-

tion by Lessor or any person claiming by, through or under

Lessor, or any other person lawfully claiming or to claim

the demised premises.

WHITE, NOVO-GRADAC AND THOMPSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

3.    Right to sublet or assign.  Lessee may assign
or sublet the demised premises and Lessee's rights under
this Ground Lease in whole or in part without Lessor's
consent and without notice to Lessor.

4.    Right to encumber property.  Lessee shall
have the right, without Lessor's consent and without notice
to Lessor, to mortgage or convey by deed of trust, or other
proper instrument, all or any part of the demised premises,
or to create any other encumbrance on all or any part of
such premises, provided that no such encumbrance shall
extend to or affect Lessor's reversionary interest in the
premises, except with Lessor's consent, and except as
hereinafter provided.

5.    Financing agreements.  Lessee may finance the
construction of improvements on the demised premises and it
is understood and agreed that all of the demised premises
may be used as security for any loan or loans, temporary or
permanent, required to construct the improvements.  After
full and timely satisfaction of the amounts to be paid under
Paragraph 18, herein, upon demand by Lessee, Lessor will
subordinate its interest in the demised premises to such
financing and will cooperate with Lessee in obtaining the
same and will execute any instrument, including, without
limitation, notes, mortgages, deeds of trust, or other
evidences of indebtedness reasonably required in connection

WHITE, NOVO-GRADAC AND THOMPSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

therewith; provided, however, that the instruments so executed by Lessor shall provide that the mortgagee or payee, as the case may be, shall look solely to the security of the real estate for the payment of the indebtedness and will not seek to collect the indebtedness from or obtain a deficiency judgment against Lessor. No costs, fees, title insurance charges, recording fees, taxes, or legal fees incurred or payable in connection with such encumbrance shall be paid by Lessor.

6. <u>Estoppel certificates</u>. Lessor shall, at any time and from time to time, upon not less than ten days prior notice from Lessee, execute, acknowledge, and deliver to Lessee a statement in writing certifying that the Ground Lease is unmodified (or in full force and effect as modified and stating the modification or modifications) and that there are no defaults existing, or if there is any claimed default stating the nature and extent thereof. It is expressly understood and agreed that any such statement delivered pursuant to this section may be relied upon by third persons.

7. <u>Improvements</u>. Lessee may construct buildings for dwellings or business or any other purpose, may construct terraces and landscaping, may plant fruit bearing and other trees, or may otherwise generally alter or improve the property at Lessee's own cost. Upon the termination of this

Ground Lease, all such improvements remaining on the land shall become the property of Lessor.

8.    No duty to repair.  Neither Lessor nor Lessee shall be under any duty to the other to maintain, restore, repair, or replace the premises or any part thereof or any improvements thereon which may become damaged, lost, or destroyed during the term hereof.

9.    Utilities and other charges.  Lessee shall assume and fully pay for all water, gas, heat, light, power, telephone service, and other public utilities of every kind furnished to the premises throughout the term hereof and Lessor shall have no responsibility of any kind for any thereof.

10.    Taxes and assessments.  (a)  Lessee shall pay and discharge all taxes, assessments, rates, charges, license fees, municipal liens, levies, excises, or imposts, whether general or special, or ordinary or extraordinary, of every name, nature and kind whatsoever, including all governmental charges of whatsoever name, nature, or kind, which may be levied, assessed, charged, or imposed, or which may become a lien or charge on or against the premises, or any part thereof, the leasehold of Lessee herein, the premises described herein, any building or buildings, or any other improvements now or hereafter thereon, or on or against

WHITE, NOVO-GRADAC AND THOMPSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

C.S. ß.ß.V.

Lessee's estate hereby created which may be a subject of taxation, or on or against Lessor by reason of its ownership of the fee underlying this Ground Lease, during the entire term thereof, excepting only those taxes hereinafter specifically excepted. All taxes and charges under this Section shall be prorated at the expiration of the term hereof.

(b)    Anything in this section to the contrary notwithstanding, Lessee shall not be required to pay any estate, gift, inheritance, succession, franchise, income, or excess profits taxes which may be payable by Lessor or Lessor's legal representative, sucessors, or assigns, nor shall Lessee be required to pay any tax that might become due on account of ownership of property other than the premises herein leased which may become a lien on the premises or collectable out of the same.

(c)    Lessee shall have the right to contest the validity of any tax or special assessment payable by him which Lessee deems to have been illegally levied or assessed against the premises, and for that purpose shall have the right to institute such proceeding or proceedings in the name of Lessor as Lessee may deem necessary, provided that the expenses incurred by reason thereof shall be paid by Lessee, and provided, further, that it is necessary to use the name of Lessor in carrying on such proceedings.

11. _Eminent domain_. In the event of a taking by right of eminent domain or other authority of law of all or part of the premises, prior to the expiration of the term of this Ground Lease, Lessee shall not by reason thereof be entitled to any claim against Lessor for compensation or indemnity for his leasehold interest. However, all compensation and damages for or on account of any land and improvements taken payable to Lessor for Lessor's interest as owner as well as that payable to Lessee for Lessee's leasehold interest, shall be payable to and become the sole property of Lessee, provided, however, that amounts to be paid under Paragraph 18, herein, shall be first fully satisfied. Lessee shall have the right to represent Lessor and Lessor's interest in any proceeding in eminent domain or condemnation to determine the validity of the taking or the amount of award compensation therefor, and to negotiate and compromise on Lessor's behalf, under the threat of condemnation or while condemnation proceedings are pending for an amount of award or compensation.

12. _Indemnification of Lessor by Lessee_. Lessee shall, at all times prior to the expiration of this Ground Lease, indemnify Lessor against all liability, loss, cost, damage, or expense sustained by Lessor, including attorney's fees and other expenses of litigation, arising prior to expiration of the term hereof and delivery to Lessor of possession of the premises:

Page 7 of 14

WHITE, NOVO-GRADAC AND THOMPSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

(a)　On account of or through the use of the demised premises or improvements or any part thereof by Lessee or by any other person for any purpose inconsistent with the provisions of this Ground Lease.

(b)　Arising out of, or directly or indirectly due to, any failure of Lessee in any respect promptly and faithfully to satisfy Lessee's obligations under this Ground Lease.

(c)　Arising out of, or directly or indirectly due to, any accident or other occurrence causing injury to any person or persons or property resulting from the use of the demised premises and improvements or any part thereof.

(d)　For which the Lessor as owner of the demised premises or interested therein may hereafter without fault by Lessor become liable, and especially, but not exclusively, any such liability, loss, cost, damage, or expense that may arise under any statute, ordinance, or regulation.

However, no such indemnification shall be required with respect to losses or liabilities arising by reason of the affirmative negligence of Lessor.

13.　Power of attorney.　(a)　Lessee shall have the right to survey the premises, apply for registration of

the title of Lessor's interest, and to act for Lessor and in Lessor's name with respect to the premises at any land registration proceedings or any proceeding in a Court or other judicial or administrative body to determine title of any interest in and to the premises or any part thereof. Lessee shall have the power to approve and consent to boundary placement and location with respect to the premises, or changes of the legal description of the property upon official plats, and to do all things necessary and proper to secure a Certificate of Title or otherwise document title and any interest in and to the premises or any part thereof. Lessee is hereby designated to receive and have possession of all title evidence and documents, including, but not limited to an Owner's Duplicate Certificate of Title or any similar instrument evidencing Lessor's interest in the premises which Lessor shall be entitled to receive.

(b)   For the purposes contained in this section, and to effectuate the rights of Lessee under other provisions of this Ground Lease, Lessor does hereby make, appoint, and constitute Lessee as Lessor's lawful attorney to deal with Lessor's interest in the premises in Lessor's name, place, and stead and to do and perform all and every act that Lessor might lawfully do through an attorney with respect to the premises, hereby ratifying and affirming that which Lessee shall lawfully do or cause to be done by

WHITE, NOVO-GRADAC AND THOMPSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

virtue hereof. This power is irrevocable, coupled with an interest, and shall end upon the expiration of this Ground Lease.  Until such expiration, this power shall run with the land and the respective interests created by this Ground Lease, inuring to the benefit of the Lessee and Lessee's successors and assigns, and binding the Lessor and Lessor's successors and assigns.

(c)  The power in this section shall not be construed to empower Lessee to transfer or encumber or otherwise deal with Lessor's reversionary or fee interest, except as reasonably necessary to settle and establish the boundaries of the premises, nor shall the Lessee be empowered to create any debt, obligation, liability or promise of personal performance for which Lessor may be responsible or for which any person shall have recourse against Lessor or any of Lessor's property other than the demised premises. All actions done by Lessee under the section shall be done at Lessee's sole cost.

(d)  Upon the expiration of this Ground Lease and the delivery of the premises to Lessor, Lessee shall surrender to Lessor all title documents and evidence of title to the premises in Lessee's possession.

14.  __Attorney's fees__.  In the event either Lessee or Lessor shall bring any proceeding for an alleged violation

WHITE, NOVO-GRADAC AND THOMPSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

of any of the provisions of this Ground Lease the prevailing party shall be entitled to recover as a part of such proceeding attorneys' fees and costs as determined in the proceeding.

.15.   <u>Notice</u>.   Any notice required or permitted under this Ground Lease shall be in writing and shall be deemed given when delivered in person or if by mail or telegram when actually received by the party to whom that notice is given.

16.   <u>Construction and nature of the Ground Lease</u>. Reference herein to the "Ground Lease" or the lease, generally, shall include this agreement and any written and properly executed amendment of it.   The Ground Lease shall be construed in accordance with the laws of the Northern Mariana Islands, and shall not be construed to grant a long term or permanent interest in real property within the Commonwealth of the Northern Mariana Islands.   If any provision of this Ground Lease shall be held void or unenforceable by a court of competent jurisdiction, the remainder of this Ground Lease shall not be affected thereby and shall be construed as if in the absence of the void or unenforceable provision.   The covenants contained herein are independent and not dependent. No breach by Lessee shall operate to terminate or cause a forefeiture of the leasehold estate created hereby.

17.   <u>Parties bound</u>.   The covenants and provisions herein contained shall run with the land and shall apply to

and bind the heirs, successors, executors, administrators, and assigns of all of the parties hereto.

18. <u>Installment payments of rent</u>.    The rent and consideration for this lease is a total of ONE HUNDRED ELEVEN THOUSAND SIX HUNDRED SEVENTY THREE DOLLARS ($111,673.00) paid as follows:   (a) FIVE THOUSAND DOLLARS ($5,000.00) which was paid on February 28, 1986, in connection with the Ground Lease to Royal Mariana Enterprises, Inc., Commonwealth Recorder File No. 86-0390, which Ground Lease was cancelled and rescinded, the payment therein credited to this Ground Lease; (b) THIRTY SEVEN THOUSAND TWO HUNDRED TWENTY-FOUR AND 33/00 DOLLARS ($37,224.33) seventeen (17) days after the date hereof; (c) THIRTY SEVEN THOUSAND TWO HUNDRED TWENTY-FOUR AND 33/00 DOLLARS ($37,224.33) three months and ten days after the date hereof, and (d) the balance of THIRTY TWO THOUSAND TWO HUNDRED TWENTY-FOUR AND 34/00 DOLLARS ($32,224.34) six months and ten days after the date hereof. If said amounts shall not be paid when due, then this Ground Lease shall be null and void and all moneys paid and all improvements placed on the premises shall be retained by and be the sole property of the Lessor.  Upon the tender of the final payment provided for herein, Lessor shall execute, acknowledge and deliver to Lessee a written acknowledgement of satisfaction of the rent obligations of this lease in full.

19.   The Lessor covenants with the Lessee that the Lessor shall not sell, mortgage, lease, encumber or otherwise dispose of the reversionary interest of the demised premises before the expiration of the term hereby granted, save and except with the written consent of the Lessee.

IN WITNESS WHEREOF, the parties have hereunto set set their hands the date and year first above-written:

LESSOR:                          LESSEE:

                                 GRACE INTERNATIONAL, INC.
                                 A Northern Mariana Islands
                                  Corporation


*Basilisa B. Villanueva*
BASILISA B. VILLANUEVA           LAM CHOR SING
                                 its authorized representative


COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS:  ss.

On ____MARCH  10____, 19 _86_, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, came BASILISA B. VILLANUEVA, to me personally known to be the identical person who executed the above and the foregoing instrument and who acknowledged the execution of the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above-written:


CHARLES  K. NOVOGRADAC
Notary Public
My Commission expires: *Nov. 7, 1987*

WHITE, NOVO-GRADAC AND THOMPSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS:   ss.

On _____*MARCH  10*_____, 19*86*, before me, a Notary
Public in and for the Commonwealth of the Northern Mariana
Islands, personally appeared LAM CHOR SING, of Grace Interna-
tional, Inc., and the same person who executed the foregoing
instrument, and he duly acknowledged the execution of the
same for and on behalf of and as the act and deed of said
Corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and
affixed my Official Seal, the date and year first above-

written:

_____

*CHARLES  K  NOVOGRADAC*
Notary Public
My Commission expires: *Nov. 7, 1987*

WHITE, NOVO-GRADAC AND THOMPSON
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

C.S.  B. B. V.

Page 14 of 14

FILE NO. JF-2464

88 AUG 9  AM: 05

## PARTIAL
## ASSIGNMENT OF LEASE

THIS ASSIGNMENT made as of this _8th_ day of _August_, 1988, by and between GRACE INTERNATIONAL, INC., a corporation organized under the laws of the Northern Mariana Islands, hereinafter referred to as "Assignor", and TROPIC TOPICS, INC., a corporation organized under the laws of the Northern Mariana Islands, hereinafter referred to as "Assignee";

W I T N E S S E T H :

WHEREAS Assignor is the Lessee of that certain Ground Lease dated March 10, 1986, recorded with the Commonwealth Recorder on March 11, 1986, as File No. 86-0441, from Basilisa B. Villanueva, as Lessor, to Assignor herein as Lessee, wherein Lessor therein leased to Assignor all of Lot E.A. No. 121 "D" and "E", as therein described, for a term of fifty-five years ending on the last day of February, 2041, as therein more particularly provided, together with an Option Agreement between the same parties dated March 10, 1986, recorded with the Commonwealth Recorder on March 11, 1986, as File No. 86-0442, a copy of which is attached hereto as Exhibit B; and

WHEREAS Assignor is the Lessee of that certain Ground Lease dated March 10, 1986, recorded with the Commonwealth Recorder on March 11, 1986, as File No. 86-0450, from Jovita B. Tomokane, as Lessor, to Assignor

WHITE, NOVO-GRADAC AND THOMPSON
ATTORNEYS AT LAW
SAIPAN, MARIANA ISLANDS 96950

herein as Lessee, wherein Lessor therein leased to Assignor all of Lot E.A. No. 121 "C", therein more particularly described, for a term of fifty-five years ending on the 7th day of March, 2041, as therein provided, together with an Option Agreement between the same parties dated March 10, 1986, recorded with the Commonwealth Recorder on March 11, 1986, as File No. 86-0449, a copy of which is attached hereto as Exhibit C;

NOW, THEREFORE, in consideration of the payment of FORTY THREE THOUSAND, SIX HUNDRED FIFTY SIX DOLLARS ($43,656), the receipt, sufficiency, and adequacy of which is hereby acknowledged by Assignor, and the assumption by Assignee of the duties of Assignor under the Lease, Assignor does hereby irrevocably ASSIGN, GRANT, CONVEY, and CONFIRM unto Assignee, and Assignee's successors and assigns, the aforementioned Lease and the entire leasehold estate created thereunder for the entire term thereof, and all of Assignor's right, title, estate and interest in and with respect only to the following described real property, at Susupe, Saipan, Northern Mariana Islands, to wit:

E.A. 121 "C" NEW-1

Parts of E.A. 121 "C" and E.A. 121 "D", said lots being more particularly described on Drawing/Cadastral Plat No. 102/78, the original of which was registered with the Land Registry as Document No. 7464 on the 23rd of June, 1978, lying within the area bounded and described on Exhibit A, entitled Technical Descriptions, a copy of which is attached hereto and incorporated herein by this reference, containing 2568 square meters, more or less.

Reserving and excepting all the remaining area of E.A. 121 "C", E.A. 121 "D", and E.A. 121 "E", and Assignor's interest therein;

2

WHITE, NOVO-GRADAC AND THOMPSON
ATTORNEYS AT LAW
POST OFFICE BOX 222, GARAPAN DRIVE
SAIPAN, MARIANA ISLANDS 96950

TO HAVE AND TO HOLD, all and singular the premises, together with the tenements, hereditaments, and appurtenances thereunto belonging, or in anywise appertaining, for the entire duration thereof, and all and every right, power, and other interest now owned or later acquired, in the above described premises.

And Assignor covenants and agrees as follows:

a) That at the time of this Assignment Assignor is the sole lessee, tenant and leaseholder under the Lease, the Lease is free and clear of all encumbrances, Assignor has good and marketable title thereto, and the Lease is in full force and effect without amendment except as noted herein;

b) The entire rental due under the Lease has been fully prepaid, and all covenants and conditions in the Lease on the part of Assignors to be observed and performed have been observed and performed up to and including the delivery of these presents, and there is no default of any thereof;

c) Except as otherwise provided herein, the above described premises are free and clear of all mortgages, liens, or any other encumbrances whatsoever which may be prior in time or superior to the Lease;

d) Assignor has full and unrestricted right, power, and authority to enter into this Assignment and to perform all the terms and covenants hereof.

WHITE, NOVO-GRADAC AND THOMPSON
ATTORNEYS AT LAW
POST OFFICE BOX 222 CAPITOL HILL
SAIPAN, MARIANA ISLANDS 96950

3

Assignee hereby assumes all of the rights and agrees to assume and be bound by the Lease and and to perform all the duties and responsibilities of Lessee to be performed under the Lease.

IN WITNESS WHEREOF, the parties have executed this Assignment as of the date first above written.

ASSIGNOR:                                          ASSIGNEE:

GRACE INTERNATIONAL, INC.                          TROPIC TOPICS, INC.

_____                     _____
by CHOI, SHI CHIT JOHN                             by CHAN, TING KWONG
as its authorized representative                   as its authorized representative


COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS: SS

On this _5_ day of ~~July~~ *August*, 1988, before me, the undersigned Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared Mr. CHOI, SHI CHIT JOHN, to me personally known, who stated that he was the authorized representative of Grace International, and Mr. CHAN, TING KWONG, who stated that he was the authorized representative of Tropic Topics, Inc. and they executed the above and foregoing Assignment of Lease and acknowledged execution of the same for and on behalf of their said corporations.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.


Charles  K.Novo-Gradac
Notary  Public
My commission expires: Nov. 6, 1988

WHITE, NOVO-GRADAC AND THOMPSON
ATTORNEYS AT LAW
POST OFFICE BOX 222, SAIPAN CM 96950
SAIPAN, MARIANA ISLANDS 96950



# Castro and Associates
## Surveyors                                                        Planners

### TECHNICAL DESCRIPTIONS

#### EA # 121"C" NEW-1
#### ( Part of EA.  #  121 )

Beginning at a corner which is designated as P.O.B., having Plane Rectangular Coordinate of 48,900.685 meters North and 49,715.076 meters East of the Northern Mariana Islands Coordinate system of 1966.

Thence  S 61° 26' 54" E, 41.874 meters to corner 2;
Thence  S 28° 17' 11" W, 46.625   "    "    "    3;
Thence  N 76° 43' 19" W, 17.355   "    "    "    4;
Thence  N 87° 46' 04" W, 10.603   "    "    "    5;
Thence  N 61° 26' 54" W, 27.467   "    "    "    6;
Thence  Along Curve:

          Delta= 07° 01' 50"
          Radius= 261.200 m.
          Length= 32.051  "
          Tangent= 16.046  "
          Chord Dist= 32.031  "
          Chord Brgs= N 38° 45' 18" E. to corner 7;

Thence N 42° 16' 13" E, 25.09 meters to point of beginning.

The above-described property contains an area of 2,568 Square Meters, more or less, as shown on attached Sketch Map.

Exhibit    A
Page    1   of   2   Pages

P.O: Box 352, Saipan, CM 96950          •          Telephone·234·7410



# Castro and Associates
**Surveyors**                                                      **Planners**



- EA. 121 "J"

N 15' R/W

22.457'
L7 N 22° 41' 04" E

N 34° 43' 04" E
L6 10.603'    17.355'

Δ= 07° 01' 50"
R= 261.200
L= 32.051'
T= 16.046
C= 32.051'
CB= N 38° 45' 10" E

EA. 121 "C" NEW-1
A= 2,568 SQ. Mi.

- 15.24 WIDE R/W

L5 N 42° 16' 13" E
25.08

POB= N 49,900.695
E 47,715.076

C10 41.874'
L2 54° 26'

- EA. 121 "D"

N 54° 26' E
11 46.625'
L21 280

- EA. 121 "C" NEW-R1

GRID, 1966

→ N →

FILE NO. _29-133_

'9? JAN 19  2:56

BOOK _10_ _4_

## FIRST MODIFICATION AND CONFIRMATION
## OF GROUND LEASE

AGREEMENT made **January 15, 1999**, between *Basilisa B. Villanueva*, of

Saipan, Northern Mariana Islands, hereinafter referred to as *Lessor*, and *Grace International*

*Inc,*, a Northern Mariana Islands Corporation, hereinafter referred to as *Lessee*.

## RECITALS

1.      The parties hereto have entered into a lease dated March 10, 1986, recorded at the

Commonwealth Recorder on March 11, 1986, as File No. 86-0442, affecting property described

as follows:

> All of E.A. No. 121 "E", containing an area of 929 square meters,
> and E.A. No. 121 "D", containing an area of 5640 square meters,
> more or less, as more particularly described on Drawing/Cadastral
> Plat No. 102/78, the original of which was registered with the Land
> Registry as Document No. 7464 on the 23rd of June, 1978.

2.      Under Section 4, 13, and 19 questions have arisen as to the validity of the sections

with respect to Article XII of the Commonwealth of the Northern Mariana Islands Constitution.

3.      The parties desire to eliminate any and all questions as to the validity of the

Ground Lease.

IN CONSIDERATION of the mutual covenants contained herein, the parties agree as

follows:

(1)    Lessee shall pay to Lessor the sum of *Fifty Thousand Dollars ($50,000.00)* payable as follows:

    a)    **Twenty Five Thousand Dollars ($25,000.00)** on January 15, 1999.

    b)    **Twelve Thousand Five Hundred Dollars ($12,500.00)** on February 15, 1999.

    c)    **Twelve Thousand Five Hundred Dollars ($12,500.00)** on March 15, 1999.

(2)    Section 4 is amended to read as follows:

"4.    Right to encumber property.    Lessee shall have the right, without Lessor's consent and without notice to Lessor, to mortgage or convey by deed of trust, or other proper instrument, all or any part of the demised premises, or to create any other encumbrance on all or any part of such premises, provided that no such encumbrance shall extend to or affect Lessor's reversionary interest in the premises."

(3)    Delete in its entirety Section 13 and 19 of the Ground Lease.

(4)    All other provisions of the Ground Lease are confirmed and shall continue in full force.

IN WITNESS WHEREOF, the parties have executed this First Modification and Confirmation at Saipan, Northern Mariana Islands, the day and year first above written.

LESSOR:

LESSEE:

GRACE INTERNATIONAL, INC.

_Baselisa B. Villanueva_
BASILISA B. VILLANUEVA

By: CHEN ZHONG
Its Authorized Representative

## SPOUSAL CONSENT

I, FRANCISCO P. VILLANUEVA,  the spouse of BASILISA B. VILLANUEVA, hereby consent to the First Modification and Confirmation of Ground Lease between Basilisa B. Villanueva and Grace International, Inc..

Dated this _15_ day of January, 1999.

_____
FRANCISCO P. VILLANUEVA

COMMONWEALTH OF THE NORTHERN     )
MARIANA ISLANDS                  )
                                 )     ACKNOWLEDGMENT
SAIPAN,                          )
_____  )

On this _15_ day of _January_, 1999, before me, the undersigned notary, personally appeared, FRANCISCO P. VILLANUEVA, known to me to be the person whose name is subscribed to the within the instrument and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

PEDRO M. ATALIG
Notary Public
Commonwealth of the Northern Mariana Islands
My commission expires: _July 10, 2000_

COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS )
)                                    ACKNOWLEDGEMENT
SAIPAN )
)
———————————————————— )

On this __15__ day of __January__, 1999, before me, the undersigned notary,

personally appeared, BASILISA B. VILLANUEVA, known to me to be the person whose name

is subscribed to the within the instrument and acknowledged that she executed the same for the

purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.



_____
NOTARY PUBLIC

**PEDRO M. ATALIG**
Notary Public
Commonwealth of the Northern Mariana Islands
My commission expires: _July 10, 2000_

COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS )
)                                    ACKNOWLEDGEMENT
SAIPAN )
)
———————————————————— )

On this __15__ day of __January__, 1999, before me, the undersigned notary,

personally appeared, GRACE INTERNATIONAL, INC., by its authorized representative, known

to me to be the person whose name is subscribed to the within the instrument and acknowledged

that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.



_____
NOTARY PUBLIC

PEDRO M. ATALIG
Notary Public
Commonwealth of the Northern Mariana Islands
My commission expires: _July 10, 2000_

FILE No. 99-135

'9? JAN 19  P3:00

BC9

## SECOND MODIFICATION AND CONFIRMATION
## OF GROUND LEASE

AGREEMENT made **January 15, 1999**, between *Jovita B. Tomokane*, of

Saipan, Northern Mariana Islands, hereinafter referred to as *Lessor*, and *Grace International*

*Inc.*, a Northern Mariana Islands Corporation, hereinafter referred to as *Lessee*.


### RECITALS

1.      The parties hereto have entered into a lease dated March 10, 1986, recorded at the

Commonwealth Recorder on March 11, 1986, as File No. 86-0450, affecting property described

as follows:

> E.A. No. 121 "C", containing an area of 6,290 square meters, more
> or less, as more particularly described on Drawing/Cadastral Plat
> No. 102/78, the original of which was registered with the Land
> Registry as Document No. 7464 on the 23rd of June, 1978.

2.      Under Section 4, 13, and 19 questions have arisen as to the validity of the sections

with respect to Article XII of the Commonwealth of the Northern Mariana Islands Constitution.

3.      The parties desire to eliminate any and all questions as to the validity of the

Ground Lease.

IN CONSIDERATION of the mutual covenants contained herein, the parties agree as

follows:

(1)    Lessee shall pay to Lessor the sum of *Fifty Thousand Dollars ($50,000.00)* payable as follows:

    a)    **Twenty Five Thousand Dollars ($25,000.00)** on January 15, 1999.

    b)    **Twelve Thousand Five Hundred Dollars ($12,500.00)** on February 15, 1999.

    c)    **Twelve Thousand Five Hundred Dollars ($12,500.00)** on March 15, 1999.

(2)    Section 4 is amended to read as follows:

    "4.    Right to encumber property.    Lessee shall have the right, without Lessor's consent and without notice to Lessor, to mortgage or convey by deed of trust, or other proper instrument, all or any part of the demised premises, or to create any other encumbrance on all or any part of such premises, provided that no such encumbrance shall extend to or affect Lessor's reversionary interest in the premises."

(3)    Delete in its entirety Section 13 and 19 of the Ground Lease.

(4)    All other provisions of the Ground Lease are confirmed and shall continue in full force.

IN WITNESS WHEREOF, the parties have executed this Second Modification and Confirmation at Saipan, Northern Mariana Islands, the day and year first above written.

LESSOR:

LESSEE:

GRACE INTERNATIONAL, INC.

_____
JOVITA B. TOMOKANE

By: *CHEN ZHONG*
Its Authorized Representative

## SPOUSAL CONSENT

I, ANTONIO C. TOMOKANE, the spouse of JOVITA B. TOMOKANE, hereby consent

to the Second Modification and Confirmation of Ground Lease between Jovita B. Tomokane and

Grace International, Inc..

Dated this __15__ day of January, 1999.


_____
ANTONIO C. TOMOKANE


COMMONWEALTH OF THE NORTHERN           )
MARIANA ISLANDS                        )
                                       )        ACKNOWLEDGMENT
SAIPAN,                                )
_____        )

On this __15__ day of __January__, 1999, before me, the undersigned notary,

personally appeared, ANTONIO C. TOMOKANE, known to me to be the person whose name

is subscribed to the within the instrument and acknowledged that he executed the same for the

purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.


_____
NOTARY PUBLIC

PEDRO M. ATALIG
Notary Public
Commonwealth of the Northern Mariana Islands
My commission expires: __July 10, 2000__

COMMONWEALTH OF THE NORTHERN ⟩
MARIANA ISLANDS ⟩
⟩    **ACKNOWLEDGEMENT**
SAIPAN ⟩
_____ ⟩

On this _15_ day of _January_ , 1999, before me, the undersigned notary,

personally appeared, JOVITA B. TOMOKANE, known to me to be the person whose name is

subscribed to the within the instrument and acknowledged that she executed the same for the

purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

**PEDRO M. ATALIG**
Notary Public
Commonwealth of the Northern Mariana Islands
My commission expires: _July 10, 2000_

COMMONWEALTH OF THE NORTHERN ⟩
MARIANA ISLANDS ⟩
⟩
SAIPAN ⟩    **ACKNOWLEDGEMENT**
_____ ⟩

On this _16_ day of _January_ , 1999, before me, the undersigned notary,

personally appeared, GRACE INTERNATIONAL, INC., by its authorized representative, known

to me to be the person whose name is subscribed to the within the instrument and acknowledged

that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

**PEDRO M. ATALIG**
Notary Public
Commonwealth of the Northern Mariana Islands
My commission expires: _July 10, 2000_