FILE NO. 86-0450

86 MAR 11  P 4:00

BOOK _____ PAGE _____
COMMONWEALTH RECORDER

## GROUND LEASE

THIS GROUND LEASE is made and executed on this 10th day of March, 1986, by and between JOVITA B. TOMOKANE, of Saipan, Northern Mariana Islands, hereinafter referred to as Lessor, and GRACE INTERNATIONAL, INC. a Northern Mariana Islands corporation, hereinafter referred to as Lessee.

WITNESSETH:

1. <u>Demise and term</u>. For and in consideration of the rental payment of ONE HUNDRED SIX THOUSAND NINE HUNDRED THIRTY DOLLARS ($106,930.00) for the entire term hereof, as provided in Paragraph 18, herein, and in consideration of the mutual covenants herein contained, Lessor grants and leases to Lessee, and Lessee hires from Lessor, the following premises situated on the Island of Saipan, Village or District of Susupe, Northern Mariana Islands, to wit:

> E.A. No. 121"C", containing and area of 6,290 square meters, more or less, as more particularly described on Drawing/Cadastral Plat No. 102/78, the original of which was registered with the Land Registry as Document No. 7464 on the 23rd of June, 1978.

To have and to hold the same, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, for a term of Fifty-Five years, commencing on the Eighth day of March, 1986, and ending on the Eighth day of March, 2041.

2. <u>Warranty of title and quiet enjoyment</u>. Lessor warrants and covenants that Lessor is seized of the demised premises in fee simple, that the same are free, clear, discharged and unencumbered of and from all former and other grants, titles, and encumbrances of whatsoever kind or nature, excepting only those shown on the Certificate of Title, Document No. 16974, that Lessor has full right and authority to enter into this Ground Lease, and that Lessor shall, upon the commence ment date for the term of this Lease as hereinafter set forth, place Lessee in quiet possession of the

demised premises and the Lessee shall lawfully and quietly hold, occupy and enjoy the demised premises during the term of this Ground Lease without hindrance or molestation by Lessor or any person claiming by, through or under Lessor, or any other person lawfully claiming or to claim the demised premises.

3. <u>Right to sublet or assign</u>. Lessee may assign or sublet the demised premises and Lessee's rights under this Ground Lease in whole or in part without Lessor's consent and without notice to Lessor.

4. <u>Right to encumber property</u>. Lessee shall have the right, without Lessor's consent and without notice to Lessor, to mortgage or convey by deed of trust, or other proper instrument, all or any part of the demised premises, or to create any other encumbrance on all or any part of such premises, provided that no such encumbrance shall extend to or affect Lessor's reversionary interest in the premises, except with Lessor's consent, and except as hereinafter provided.

5. <u>Financing agreements</u>. Lessee may finance the construction of improvements on the demised premises and it is understood and agreed that all of the demised premises may be used as security for any loan or loans, temporary or permanent, required to construct the improvements. After full and timely payment as provided in paragraph 18 herein, upon demand by Lessee, Lessor will subordinate its interest in the demised premises to such financing and will cooperate with Lessee in obtaining the same and will execute any instrument, including, without limitation, notes, mortgages, deeds of trust, or other evidences of indebtedness reasonably required in therewith; provided, however, that the instruments so executed by Lessor shall provide that the mortgagee or payee,

as the case may be, shall look solely to the security of the real estate for the payment of the indebtedness and will not seek to collect the indebtedness from or obtain a deficiency judgment against Lessor. No costs, fees, title insurance charges, recording fees, taxes, or legal fees incurred or payable in connection with such encumbrance shall be paid by Lessor.

6. <u>Estoppel certificates</u>. Lessor shall, at any time and from time to time, upon not less than ten days prior notice from Lessee, execute, acknowledge, and deliver to Lessee a statement in writing certifying that the Ground Lease is unmodified (or in full force and effect as modified and stating the modification or modifications) and that there are no defaults existing, or if there is any claimed default stating the nature and extent thereof. It is expressly understood and agreed that any such statement delivered pursuant to this section may be relied upon by third persons.

7. <u>Improvements</u>. Lessee may construct buildings for dwellings or business or any other purpose, may construct terraces and landscaping, may plant fruit bearing and other trees, or may otherwise generally alter or improve the property at Lessee's own cost. Upon the termination of this Ground Lease, all such improvements remaining on the land shall become the property of Lessor.

8. <u>No duty to repair</u>. Neither Lessor nor Lessee shall be under any duty to the other to maintain, restore, repair, or replace the premises or any part thereof or any improvements thereon which may become damaged, lost or destroyed during the term hereof.

9. <u>Utilities and other charges</u>. Lessee shall assume and fully pay for all water, gas, heat, light, power, telephone

service, and other public utilities of every kind furnished to the premises through the term hereof and Lessor shall have no responsibility of any kind for any thereof.

10. <u>Taxes and assessments</u>. (a) Lessee shall pay and discharge all taxes, assessments, rates, charges, license fees, municipal liens, levies, excises, or imposts, whether general or special, or ordinary or extraordinary, of every name, nature and kind whatsoever, including all governmental charges of whatsoever name, nature, or kind, which may be levied, assessed, charged, or imposed, or which may become a lien or charge on or against the premises, or any part thereof, the leasehold of Lessee herein, the premises described herein, any building or buildings, or any other improvements now or hereafter thereon, or on or against Lessee's estate hereby created which may be a subject of taxation, or on or against Lessor by reason of its ownership of the fee underlying this Ground Lease, during and in respect of the entire term thereof, excepting only those taxes hereinafter specifically excepted. All taxes and charges under this Section shall be prorated at the expiration of the term hereof.

(b) Anything in this section to the contrary notwithstanding, Lessee shall not be required to pay any estate, gift, inheritance, succession, franchise, income, or excess profits taxes which may be payable by Lessor or Lessor's legal representative, successors, or assigns, nor shall Lessee be required to pay any tax that might become due on account of ownership of property other than the premises herein leased which may become a lien on the premises or collectable out of the same.

(c) Lessee shall have the right to contest the

-4-

validity of any tax or special assessment payable by him which Lessee deems to have been illegally levied or assessed against the premises, and for the purpose shall have the right to institute such proceeding or proceedings in the name of Lessor as Lessee may deem necessary, provided that the expenses incurred by reason thereof shall be paid by Lessee, and provided, further, that it is necessary to use the name of Lessor in carrying on such proceedings.

11. <u>Eminent domain</u>. In the event of a taking by right of eminent domain or other authority of law of all or part of the premises, prior to the expiration of the term of this Ground Lease, Lessee shall not by reason thereof be entitled to any claim against Lessor for compensation or indemnity for his leasehold interest. However, all compensation and damages for or on account of any land and improvements taken payable to Lessor for Lessor's interest as owner as well as that payable to Lessee for Lessee's leasehold interest, shall be payable to and become the sole property of Lessee, provided, however, that the amounts to be paid under Paragraph 18, herein, shall be first fully satisfied. Lessee shall have the right to represent Lessor and Lessor's interest in any proceeding in eminent domain or condemnation to determine the validity of the taking or the amount of award compensation therefor, and to negotiate and compromise on Lessor's behalf, under the threat of condemnation or while condemnation proceedings are pending for an amount of award or compensation.

12. <u>Indemnification of Lessor by Lessee</u>. Lessee shall, at all times prior to the expiration of this Ground Lease, indemnify Lessor against all liability, loss, cost, damage, or expense sustained by Lessor, including attorney's fees and other expenses of litigation, arising prior to expiration of

the term hereof and delivery to Lessor of possession of the premises:

(a) On account of or through the use of the demised premises or improvements or any part thereof by Lessee or by any other person for any purpose inconsistent with the provisions of this Ground Lease.

(b) Arising out of, or direct or indirectly due to, any failure of Lessee in any respect promptly and faithfully to satisfy Lessee's obligations under this Ground Lease.

(c) Arising out of, or directly or indirectly due to, any accident or other occurrence causing injury to any person or persons or property resulting from the use of the demised premises and improvements or any part thereof.

(d) For which the Lessor as owner of the demised premises or interested therein may hereafter without fault by Lessor become liable, and especially, but not exclusively, any such liability, loss, cost, damage, or expense that may arise under any statute, ordinance, or regulation.

However, no such indemnification shall be required with respect to losses or liabilities arising by reason of the negligence of Lessor.

13. <u>Power of attorney</u>. (a) Lessee shall have the right to survey the premises, apply for registration of the title of Lessor's interest, and to act for Lessor and in Lessor's name with respect to the premises at any land registration proceedings or any proceeding in a Court or other judicial or administrative body to determine title of any interest in and to the premises or any part thereof. Lessee shall have the power to approve and consent to boundary placements and location with respect to the premises, or changes of the legal description of the property upon official plats, and to do all

things necessary and proper to secure a Certificate of Title or otherwise document title and any interest in and to the premises or any part thereof. Lessee is hereby designated to receive and have possession of all title evidence and documents, including, but not limited to an Owner's Duplicate Certificate of Title or any similar instrument evidencing Lessor's interest in the premises which Lessor shall be entitled to receive.

(b) For the purposes contained in this section, and to effectuate the rights of Lessee under other provisions of this Ground Lease, Lessor does hereby make, appoint, and constitute Lessee as Lessor's lawful attorney to deal with lessor's interest in the premises in Lessor's name, place, and stead and to do and perform all and every act that Lessor might lawfully do through an attorney with respect to the premises, hereby ratifying and affirming that which Lessee shall lawfully do or cause to be done by virtue hereof. This power is irrevocable, coupled with an interest, and shall end upon the expiration of this Ground Lease. Until such expiration, this power shall run with the land and the respective interests created by this Ground Lease, inuring to the benefit of the Lessee and Lessee's successors and assigns, and binding the Lessor and Lessor's successors and assigns.

(c) The power in this section shall not be construed to empower Lessee to transfer or encumber or otherwise deal with Lessor's reversionary or fee interest, except as reasonably necessary to settle and establish the boundaries of the premises, nor shall the Lessee be empowered to create any debt, obligation, liability or promise of personal performance for which Lessor may be responsible or for which any person shall have recourse against Lessor or any of Lessor's property

other than the demised premises. All actions done by Lessee under the section shall be done at Lessee's sole cost.

(d) Upon the expiration of this Ground Lease and the delivery of the premises to Lessor, Lessee shall surrender to Lessor all title documents and evidence of title to the premises in Lessee's possession.

14. <u>Attorney's fees</u>. In the event either Lessee or Lessor shall bring any proceeding for an alleged violation of any of the provisions of this Ground Lease the prevailing party shall be entitled to recover as a part of such proceeding attorneys' fees and costs as determined in the proceeding.

15. <u>Notice</u>. Any notice required or permitted under this Ground Lease shall be in writing and shall be deemed given when delivered in person or if by mail or telegram when actually received by the party to whom that notice is given.

16. <u>Construction and nature of the Ground Lease.</u> Reference herein to the "Ground Lease" or the lease, generally, shall include this agreement and any written and properly executed amendment of it. The Ground Lease shall be construed in accordance with the laws of the Northern Mariana Islands, and itself shall not be construed to grant a permanent interest in real property within the Commonwealth of the Northern Mariana Islands. If any provision of this Ground Lease shall be held void or unenforceable by a court of competent jurisdiction, the remainder of this Ground Lease shall not be affected thereby and shall be construed as if in the absence of the void or unenforceable provision. The covenants contained herein are independent and not dependent. No breach by Lessee shall operate to terminate or cause a forefeiture of the leasehold estate created hereby.

17.  **Parties bound.**  The covenants and provisions herein contained shall run with the land and shall apply to and bind the heirs, successors, executors, administrators, and assigns of all of the parties hereto.

18.  **Installment payments of rent.**  The rent and consideration for this lease is a total of ONE HUNDRED SIX THOUSAND NINE HUNDRED THIRTY DOLLARS ($106,930.00) paid as follows: (a) FIVE THOUSAND DOLLARS ($5,000.00) on execution of this Ground Lease, the receipt of which is hereby acknowledged, (b) THIRTY-FIVE THOUSAND SIX HUNDRED FORTY-THREE AND 33/00 DOLLARS ($35,643.33) seventeen days after the date hereof; (c) THIRTY-FIVE THOUSAND SIX HUNDRED FORTY-THREE AND 33/00 DOLLARS ($35,643.33) three months and ten days after the date hereof, and (d) the balance of THIRTY THOUSAND SIX HUNDRED FORTY-THREE AND 34/00 DOLLARS ($30,643.34) six months and ten days after the date hereof. If said amounts shall not be paid when due, then this Ground Lease shall be null and void and all moneys paid and all improvements placed on the premises shall be retained by and be the sole property of the Lessor. Upon the tender of the final payment provided for herein, Lessor shall execute, acknowledge and deliver to Lessee a written acknowledgement of satisfaction of the rent obligations of this lease in full.

19.  The Lessor hereby covenants with the Lessee that the Lessor shall not sell, mortgage, lease, encumber or otherwise dispose of the reversionary interest of the demised premises before the expiration of the term hereby granted saved and excepted with the written consent of the Lessee.

///
///
///

IN WITNESS WHEREOF, the parties have hereunto set their hands the date and year first above-written:

LESSOR

LESSEE:

GRACE INTERNATIONAL, INC.
A Northern Mariana Islands
  Corporation

_____  By: _____
JOVITA B. TOMOKANE                     LAM CHOR SING
                                       Its Authorized Representative

COMMONWEALTH OF THE NORTHERN         :
  MARIANA ISLANDS                    :     ACKNOWLEDGMENT
                                     :
SAIPAN, MARIANA ISLANDS              :
_____:

On this 10th day of March, 1986, before me, the undersigned notary, personally appeared JOVITA B. TOMOKANE, known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

WILHELMINA ANN WHITLATCH
Government of the Northern Mariana Islands
My Commission expires on the
29 day of July, 19 87

| | |
|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS : | ACKNOWLEDGMENT |
| SAIPAN, MARIANA ISLANDS : | |

On this _10th_ day of _March_, 1986, before me, the undersigned notary, personally appeared LAM CHOR SING, known to me to be the duly authorized representative of Grace International, Inc., that executed the within instrument, and acknowledged to me that such corporation executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.



_Wilhelmina Ann Whitlatch_
NOTARY PUBLIC

WILHELMINA ANN WHITLATCH
Government of the Northern Mariana Islands
My Commission expires on the
___29___ day of ___July___, 19_87_

-11-

FILE NO. 87-3597

BORJA and SALAS
ATTORNEYS AT LAW
P.O. Box 1309
SAIPAN, CM 96950

TELEPHONE 7258 or 7455

87 OCT 02 P2:18

BOOK

## MODIFICATION AND CONFIRMATION
## OF GROUND LEASE

Agreement made October _____, 1987, between JOVITA B. TOMOKANE, of Saipan, Northern Mariana Islands, hereinafter referred to as Lessor, and GRACE INTERNATIONAL, INC. a Northern Mariana Islands Corporation, hereinafter referred to as Lessee.

### RECITALS

1. The parties hereto have entered into a lease dated March 10, 1986, recorded at the Commonwealth Recorder on March 11, 1986, as File No. 86-0450, affecting property described as follows:

> E.A. No. 121 "C", containing an area of 6,290 square meters, more or less, as more particularly described on Drawing/Cadastral Plat No. 102/78, the original of which was registered with the Land Registry as Document No. 7464 on the 23rd of June, 1978.

2. Under the last sentence of Paragraph 1 of said lease, it is stated that the term of the lease is Fifty-Five years, commencing on the Eighth day of March, 1986, and ending on the Eighth day of March, 2041.

3. The parties desire to modify the above term to clarify their intent that only a Fifty-Five year lease was intended so that the said lease would commence on the Eighth day of March, 1986, and end on the Seventh day of March, 2041.

4. The parties additionally desire to confirm said lease in all other respects.

In consideration of the mutual covenants contained herein, the parties agree as follows:

The last sentence of Paragraph 1 of the lease dated March 10, 1986, between lessor and lessee for the premises at Saipan, Mariana Islands, recorded at the Commonwealth Recorder on

March 11, 1986, as File No. 86-0450, shall be modified and clarified as follows:

> To have and to hold the same, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, for a term of Fifty-Five years, commencing on the Eighth day of March, 1986, and ending on the Seventh day of March, 2041.

All other provisions of the lease are confirmed and shall continue in full force.

IN WITNESS WHEREOF, the parties have executed this modification and confirmation at Saipan, Northern Mariana Islands, the day and year first above written.

LESSOR:

LESSEE:
GRACE INTERNATIONAL, INC.
A NORTHERN MARIANA ISLAND
CORPORATION

_____
JOVITA B. TOMOKANE

By: _____
LAM CHOR SING
Its Authorized Representative

COMMONWEALTH OF THE NORTHERN : 
   MARIANA ISLANDS :   ACKNOWLEDGEMENT
  : 
SAIPAN, MARIANA ISLANDS :

On this 22nd day of October, 1987, before me, the undersigned notary, personally appeared JOVITA B. TOMOKANE, known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
NERSON K. RAMON
NOTARY PUBLIC
Government of the Northern Mariana Islands
My Commission Expires on the
6th day of Feb., 1989

-2-

| | |
|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS | ACKNOWLEDGEMENT |
| SAIPAN, MARIANA ISLANDS | |

On this 22nd day of October, 1987, before me, the undersigned notary, personally appeared LAM CHOR SING, known to me to be the duly authorized representative of Grace International, Inc., that executed the within instrument, and acknowledged to me that such corporation executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

NERSON K. RAMON
NOTARY PUBLIC
Government of the Northern Mariana Islands
My Commission Expires on the
4th day of Feb. 19 87

-3-